NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANGELA KATZ | Hon. Dennis M. Cavanaugh |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 11-cv-01117- DMC |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant, | |

DENNIS M. CAVANAUGH, U.S.D.J.

This matter comes before the Court upon the Motion of Defendant Commissioner of Social Security ("Defendant") to dismiss the appeal of Plaintiff Angela Katz ("Plaintiff") from the final decision of the Defendant. This Court has jurisdiction over the matter pursuant to 42 U.S.C. § § 405(g) and 1383(c)(3). No oral argument was heard pursuant to Rule 78 of the Federal Rules of Civil Procedure. After considering the submissions of the parties, and based upon the following, Defendant's motion is **granted**.

I. BACKGROUND

A. PROCEDURAL HISTORY

On August 31, 2006, the Plaintiff filed an application for a period of disability and disability under Title II and an application for supplemental security income under Title XVI of the Social Security Act ("Act"). (Ex. 1 to Dec. of Paul Halse, ECF No. 10-1). Both applications listed the onset of the disability as January 1, 2002. These claims

1

were initially denied on April 3, 2007. They were reconsidered at the request of Plaintiff and again denied on May 15, 2008. On November 8, 2008, Plaintiff filed a timely written request for a hearing. (ALJ Op. 1, ECF No. 10-1). Administrative Law Judge James Andres ("ALJ Andres") held a hearing in Newark, New Jersey on December 1, 2009. (ALJ Op. 1). ALJ Andres issued his decision on March 12, 2010 denying Plaintiff's claim. (ALJ Op. 7). Thereafter, Plaintiff filed a request for review of the ALJ's decision. On November 23, 2010, the Appeals Council denied the request for review of the original application. (Ex. 2 to Dec. Of Paul Halse, ECF No. 10-1). Plaintiff then filed a Complaint with this Court on February 26, 2011. (ECF No. 1). Defendant filed the present motion on June 23, 2011.

B. FACTUAL HISTORY

ALJ Andres made the following eleven findings regarding Plaintiff's application for a period of disability and disability insurance benefits: 1) Plaintiff met the insured status requirements of the Social Security Act through December 31, 2004; 2) Plaintiff has not engaged in substantial gainful activity since January 1, 2002; 3) Plaintiff has the severe impairments of depression and substance abuse; 4) Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926); 5) Plaintiff has the residual functional capacity to perform the full range of medium work at all exertional levels limited to work not requiring the ability to understand, remember and carry out detailed instructions; 6) Plaintiff is unable to perform any past relevant work; 7) Plaintiff was born on February 8, 1955 and was 46 years old on the alleged disability onset date, which

is defined as a younger individual age 18-49; 8) Plaintiff has at least a high school education and is able to communicate in English; 9) transferability of job skills in not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not Plaintiff has transferrable job skills; 10) considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform; and 11) Plaintiff has not been under a disability, as defined in the Social Security Act, from January 1, 2002, through the date of ALJ Andres' decision.

## II. APPLICABLE LAW

Judicial review of the Commissioner's final decisions on claims arising under Title II or Title XVI of the Social Security Act is provided for and limited by sections 205(g) and (h) of the Act, 42 U.S.C. § § 405(g) and (h), as incorporated by reference through section 1631(c)(3), 42 U.S.C. § 1383(c)(3). The remedy provided by section 205(g) and (h) reads as follows:

> (g)   Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount of controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow . . . .
>
> (h)   The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or government agency except as herein provided. No action against the United States, the Commissioner of

3

> Social Security or any officer or employee thereof shall be brought under section 1331 or 1346 of title 28, United States Code, to recover on any claim arising under this title.

The only civil action permitted in regard to any claim arising under Title II and Title XVI of the Act is an action to review the "final decision of Commissioner made after a hearing," and such action must be "commenced within sixty days" after the mailing of notice of the Commissioner's final decision or within such time as the Commissioner may allow. 20 C.F.R. § 422.210(a), (c). A claimant is presumed to have received notice of the denial five days after the date of the notice, unless there is a reasonable showing to the contrary. 20 C.F.R. § 422.210 (c).

### III. ANALYSIS

The Appeals Council rejected Plaintiff's appeal on November 23, 2010, and Plaintiff presumably received notice of the rejection within five days of the decision. 20 C.F.R. § 422.210 (c). The rejection letter explained the process for initiating a civil action and for seeking additional time in which to do so for good cause. In order to seek timely judicial review, Plaintiff needed to file this action by January 28, 2011. Plaintiff did not file this action, however, until February 26, 2011. Furthermore, Plaintiff never obtained a "good cause" extension for the limitation period. The Complaint asserts that "[P]laintiff brings this action within 60 days of said adverse decision as required by law after having requested an extension of time to file this complaint from Appeals Council." (Appellant's Compl. 2, ECF No. 1). While Plaintiff does state that a request for an extension was submitted, but no request for an extension is on the record, and Plaintiff does not state that such request was granted.

4

The United States Court of Appeals for the Third Circuit has recognized the sixty-day limitation in Penner v. Schweiker, 701 F.2d 256, 257 n.1 (3d Cir. 1983). District Courts have dismissed actions that did not timely seek review of a final decision of the Comissioner. See, e.g., Bentley ex rel. Bentley v. Astrue, No. 2:09-cv-1697, 2010 WL 2465513 (W.D. Pa. June 15, 2010); Kendus v. Barnhart, F. Supp 2d 664 (E.D. Pa. 2003).

Plaintiff was given reasonable instructions as to the appeals process following the November 23, 2010 rejection. Plaintiff filed for judicial review after the sixty-day limitation. There is no evidence that a request for an extension was made on the record, nor is there any evidence that such request was granted. Further, Plaintiff has not responded to Defendant's motion, and has not provided this Court with any reasonable explanation or excuse for the untimely submission. Therefore, Plaintiff's complaint must be dismissed.

## IV. CONCLUSION

Based on the foregoing analysis, Defendant's Motion to Dismiss is **granted**; and the final decision of the Commissioner is **affirmed**.

*Dennis M. Cavanaugh, U.S.D.J.*

Date:       January 25, 2012
Original:   Clerk
cc:         All Counsel of Record
            File